**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

AVERY CHURCH, JR.,

    Petitioner,

vs.

STATE OF NEVADA, *et al.*,

    Respondents.

3:11-cv-00904-RCJ-VPC

**ORDER**

This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 brought by petitioner proceeding without counsel. Before the Court is respondents' motion to dismiss the petition (ECF No. 8). Petitioner has opposed the motion (ECF No. 13) and respondents have replied (ECF No. 14).

**I.    Procedural History**

    A.    State Court Proceedings

Petitioner was indicted on a total of 22 felony and 2 gross misdemeanor charges on May 3, 2006. Ex. 1.[1] On October 26, 2006, petitioner was found guilty of four felonies and a gross misdemeanor. Ex. 6. He was acquitted on seven counts and the jury was unable to reach a verdict on the balance of the charges. *Id.* Petitioner was later adjudicated a habitual criminal and sentenced under that provision. The Judgment of Conviction was entered on December 15, 2006. Ex. 8.

---

[1] The exhibits referenced in this Order were provided by respondents in support of their motion to dismiss and are found in the Court's docket at ECF Nos. 9, 15 and 16.

In the meanwhile, the prosecutor advised the court that it intended to retry the remaining charges. Ex. 7. However, the decision was later reversed and the State advised it would not proceed to prosecute petitioner further. Ex. 10. The still pending charges were dismissed. *Id.*

Petitioner filed a timely appeal and on August 20, 2007, his opening brief raised three grounds for relief. Ex. 11. After briefing, the Nevada Supreme Court affirmed the conviction and sentence on February 3, 2009. Ex. 14. Remittitur issued on March 3, 2009. Ex. 15.

On March 5, 2010, petitioner, through counsel, filed a state post-conviction petition claiming ineffective assistance of trial counsel and that his sentence under the habitual criminal statute was illegal. Ex. 16. On October 7, 2010, the state district court denied the petition as time-barred, notice of the order was not served until February 16, 2011. Ex. 18. Petitioner appealed and the Nevada Supreme Court affirmed the dismissal on procedural grounds finding the petition was untimely and that petitioner had not demonstrated cause and prejudice to overcome the bar. Ex. 21. Remittitur issued November 1, 2011. Ex. 22.

During that same period, beginning on March 5, 2010, petitioner filed a motion to correct an illegal sentence. *See* Ex. 30. This motion was denied by the trial court on April 29, 2010. Ex. 31. No appeal was filed.

B.     Federal Proceedings

Petitioner submitted a motion for appointment of counsel and cover letter to this Court on December 19, 2011, but did not include either the necessary filing fee or an initiating pleading, e.g., the petition for writ of habeas corpus. ECF. No. 1 Upon order of the Court, petitioner submitted the filing fee and his "amended" petition for mailing on March 11, 2012. ECF Nos. 4 and 5. It was filed by the Clerk on March 15, 2012. *Id.*

Respondents have filed a motion to dismiss the petition arguing alternatively that the petition is untimely, that the claims are procedurally barred, and that claims 2-5 fail to state federally cognizable claims. ECF No. 8. Petitioner opposes dismissal arguing that he is entitled to equitable tolling of the

limitations period, that he can overcome any procedural bar and that his claims should be reviewed on their merits. ECF. No. 13. Respondents have filed a reply. ECF No. 14.

**II.     Discussion**

    A.     <u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The Ninth Circuit Court of Appeals has held that the "time for seeking direct review" under 28 U.S.C. §2244(d)(1)(A) includes the ninety-day period within which a petitioner who was unsuccessful on direct appeal can file a petition for a writ of certiorari from the United States Supreme Court under

1  Supreme Court Rule 13, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188
2  F.3d 1157, 1159 (9th Cir. 1999).

3        Applying this standard, petitioner's judgment of conviction became final on May 3, 2009, ninety
4  days after the Nevada Supreme Court entered its Order of Affirmance on February 3, 2009. The
5  limitations period commenced on May 4, 2009. Absent some tolling mechanism, the one-year limitation
6  period expired on May 3, 2010.

7        i.    *Statutory Tolling*

8        A properly filed petition for state post-conviction relief can toll the period of limitations. 28
9  U.S.C. § 2244(d)(2). However, an untimely post-conviction petition is not considered properly filed for
10  purposes of tolling the statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807 (2005).
11  When a state petition is dismissed as untimely, that is "the end of the matter" with regard to statutory
12  tolling under § 2244(d)(2). E.g., *Allen v. Siebert*, 552 U.S. 3, 7, 128 S.Ct. 2, 4 (2007); *Evans v. Chavis*,
13  546 U.S. 189, 194, 126 S.Ct. 846, 850, 163 L.Ed.2d 684 (2006); *Pace v. DiGuglielmo*, 544 U.S. 408,
14  413–14, 125 S.Ct. 1807, 1812, 161 L.Ed.2d 669 (2005); Lakey v.. Hickman, 633 F.3d 782, 786 (9th
15  Cir.), *cert*. denied, ––– U.S. –––, 131 S.Ct. 3039, 180 L.Ed.2d 858 (2011); *Banjo v. Ayers*, 614 F.3d
16  964, 968 (9th Cir.2010), *cert*. denied, ––– U.S. –––, 131 S.Ct. 3023 (2011); *White v. Martel*, 601 F.3d
17  882, 883–84 (9th Cir.), *cert*. denied, ––– U.S. –––, 131 S.Ct. 332, 178 L.Ed.2d 146 (2010).

18        In petitioner's case, the post-conviction petition filed in the state district court was dismissed by
19  the court as untimely filed. *See* Ex. 18. The Nevada Supreme Court affirmed this dismissal. Ex. 21.
20  Thus, the period of time he petition was pending in state court was <u>not</u> tolled.

21        Petitioner argues that the Motion to Correct an Illegal Sentence that he filed during this time was
22  properly filed and would have tolled the limitations period. While this is true, the period of time that
23  the pending motion tolled was only from March 5, 2010, until April 29, 2010, a period of only 53 days.
24  Accepting that the motion was filed on March 5, 2010 and tolled the period for 53 days, the limitation
25
26

period would have expired on June 25, 2010. The federal petition was not filed until March 11, 2012, almost a year later.

    ii.  *Eqitable Tolling*

Absent statutory tolling, unless petitioner is entitled to equitable tolling of the statute of limitations, his petition must be dismissed. *Tillema v. Long*, 253 F.3d 494 (9th Cir. 2001) contains a clear statement of the basic law governing equitable tolling of the AEDPA statute of limitations:

> As we have previously held, "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Calderon v. United States Dist. Court (Kelly)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997), *overruled on other grounds by Calderon v. United States Dist. Court*, 163 F.3d 530 (9th Cir. 1998) (en banc) (petitioner entitled to equitable tolling where petitioner's counsel withdrew and left replacement counsel with unusable work product that made timely filing impossible); *Kelly*, 163 F.3d at 541-42 (petitioner entitled to equitable tolling because the district court ordered a stay preventing petitioner's counsel from filing a timely habeas petition and because petitioner was allegedly mentally incompetent).

*Tillema*, 253 F.3d at 504; *see also Holland v. Florida,* 130 S.Ct. 2549, 2562-63 (2010).

The Ninth Circuit Court of Appeals has also made clear that equitable tolling is unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda*, 292 F.3d at 1066 (*quoting Calderon v. United Stated Dist. Court (Beeler)*, 1289 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998)(*en banc*))(emphasis in original). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda*, 292 F.3d at 1066 (*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.), *cert. denied*, 531 U.S. 878 (2000)).

Petitioner argues that it was his counsel's fault that his state post-conviction petition was untimely, and he argues that when an individual retains counsel, they assume counsel will "exercise

1 competent assistance, and reasonable compliance in the statutory requirements for [] filing the timely
2 petition." Opposition, p. 6. Petitioner further argues that where counsel's performance is not competent
3 and "prevented compliance with the mandatory statutory time line," the matter falls outside the
4 petitioner's control: it is an impediment external to the defense, justifying equitable tolling. *Id*. at 7.

5      In the state court proceedings, counsel for petitioner argued that the proper date on the remittitur
6 from direct appeal–the date used by the state court for the commencement of the Nevada one-year
7 limitations period, *see* NRS 34.726(1); *Dickerson v. State,* 114 Nev. 1084, 1087, 967 P.2d 1132, 1133-34
8 (1998)–should rationally be the date the district court receives the notice, not the date it was sent, or
9 issued, by the Nevada Supreme Court. Counsel further argued that the several dates on the face of the
10 remittitur were confusing and made it impossible to determine when the true filing deadline should be.
11 *See* Exs. 32 - 34. The Nevada court did not accept these arguments as grounds to overcome the
12 procedural bar to the petition. Ex. 41 and 21. Neither does the Ninth Circuit, the Seventh Circuit or the
13 Fourth Circuit courts of appeal. *See Frye v. Hickman* 273 F.3d 1144, 1146 (9th Cir. 2001) ("We
14 conclude that the miscalculation of the limitations period by Frye's counsel and his negligence in general
15 do not constitute extraordinary circumstances sufficient to warrant equitable tolling.") *citing Harris v.*
16 *Hutchinson,* 209 F.3d 325, 330-31 (4th Cir.2000)(AEDPA statute of limitations not equitably tolled by
17 lawyer's mistake resulting in missed deadline, because such a mistake is not an extraordinary
18 circumstance); *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir.1999)(concluding that, to the extent any
19 equitable tolling is available for AEDPA, no tolling occurred because of a lawyer's mistake resulting in
20 a missed deadline).

21      Petitioner has offered no other impediment to his timely filing of his federal petition apart from
22 this retained counsel's miscalculation of the filing deadline in state court. Under binding precedent, this
23 Court finds that the petition was not timely filed and that petitioner has failed to establish an impediment
24 external to the defense which made it impossible for him to file his federal petition in a timely manner.
25 There is also nothing before the Court that would offer him equitable tolling of that period when the state
26

petition was filed. Moreover, even if that period of time was tolled, the federal petition would still be untimely by seventy days.[2]

The petition shall be dismissed as untimely. As a result, and because it appears to this Court that the matter of timeliness is not a close call, the arguments related to procedural default and cognizability of the individual claims shall not be discussed herein.

## III.  Conclusion

The petition shall be dismissed as untimely because petitioner has not demonstrated that he is entitled to sufficient tolling of the statute of limitation, either through statutory or equitable means, to establish it was filed within 365 days of the date his conviction became final.

Should petitioner wish to appeal this decision, he must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

---

[2] Petitioner expired 304 days between the date his conviction became final on May 3, 2009 and the date he filed his state post-conviction petition on March 5, 2010. He then expired another 130 days between the date the remittitur issued on the post-conviction appeal and the date he actually filed his federal petition. This puts the expired time at 435 days; 70 days more than allowed.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (ECF No. 8) is **GRANTED.** The petition is **DISMISSED WITH PREJUDICE AS UNTIMELY.**

**IT IS FURTHER ORDERED** that no certificate of appealability is warranted and, therefore, none shall issue.  The Clerk shall enter judgment accordingly.

Dated this 7th day of March, 2013.

_____
UNITED STATES DISTRICT JUDGE